**RICHARD A. CATALINA, JR., ESQ. (RC 4462)**
**SZAFERMAN LAKIND BLUMSTEIN & BLADER PC**
**101 GROVERS MILL ROAD, SUITE 200**
**LAWRENCEVILLE, NEW JERSEY 08648**
**609.275.0400**
ATTORNEY FOR PLAINTIFF
    MARLOWE PATENT HOLDINGS LLC

**KEVIN J. O'CONNOR, ESQ.**
**LUM, DRASCO & POSITAN LLC**
**103 EISENHOWER PARKWAY**
**ROSELAND, NJ 07068**
**(973) 403-9000**
ATTORNEYS FOR DEFENDANT
    FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARLOWE PATENT HOLDINGS LLC,**<br><br>        Plaintiff,<br><br>v.<br><br>**FORD MOTOR COMPANY,**<br><br>        Defendant. | Civil Action No. 2:11-cv-07044-WJM-MF<br><br>**AMENDED JOINT DISCOVERY PLAN** |

## AMENDED JOINT DISCOVERY PLAN

Pursuant to the March 16, 2012 Letter Order Pursuant to Rule 16 (Dkt. # 11) and Fed.R.Civ.P. 26(f), the parties submit this Amended Joint Discovery Plan for the Court's consideration in advance of the Scheduling Conference to be scheduled by the Court.[1]

---

[1] An initial Joint Discovery Plan had been submitted to the Court on or about April 24, 2012 and the Scheduling Conference had previously been set for Friday, April 27, 2012, but was effectively adjourned, without a new date, when a motion by prior legal counsel to plaintiff Marlowe Patent Holdings LLC ("MPH") seeking to withdraw from this litigation was granted by the Court on May 21, 2012.

1. **Summary of the Case**

This is a patent infringement lawsuit in which plaintiff Marlowe Patent Holdings LLC ("MPH") alleges that defendant Ford Motor Company ("Ford") infringes U.S. Patent No. 7,489,786 (the "'786 Patent"). MPH previously asserted the '786 Patent against five (5) "after market" defendants in the matter Marlowe Patent Holdings LLC v. DICE Electronics, LLC, et al, Case No. 3:10-cv-01199-PGS-DEA (the "Dice Litigation"). Three of five defendants in that case have already settled with MPH. Presently, there are no scheduled proceedings in that litigation, including the previously-scheduled *Markman* hearing (previously scheduled for May 14, 2012), as various motions are presently pending before the Court for disposition.[2]

Briefly, the '786 patent is directed toward an automobile audio integration device and system that provides for the interfacing, controlling and operation of external, portable audio devices (e.g., MP3 players, satellite receivers, etc.) with, by and through car stereo systems (OEM (original equipment manufacturer) and/or aftermarket car stereo systems). See Abstract, '786 Patent. MPH alleges that Ford's "SYNC" system infringes the '786 Patent.

Ford denies infringement, and has filed a counter-claim against Marlowe for a declaratory judgment that the '786 Patent is not infringed and is invalid.

2. **Rule 26(f) Discovery Plan Proposals**

a. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties propose exchanging Rule 26(a) disclosures on or before **October 12, 2012**.

---

[2] Pending before the Magistrate Judge in the Dice Litigation are: 1) MPH's motion for additional limited discovery, leave to file an amended Markman brief, and for entry of an Amended Pre-Trial Scheduling Order, and 2) a motion by defendant LTI Enterprises, Inc. D/B/A USA SPEC ("LTI") for leave to amend its Counterclaim to assert unenforceability as to the patent-in-suit. As of Friday, September 07, 2012, the Court has not decided either motion. The Magistrate's law clerk did advise MPH's legal counsel, however, that the Court will likely render its decisions on the motions before the end of September 2012.

2

**b. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties propose the following schedule with respect to patent-related disclosures set forth in the New Jersey Local Patent Rules (the "Local Patent Rules"):

| | |
|---|---|
| Detailed Infringement Contentions | November 2, 2012 |
| Detailed Invalidity and Non- Infringement Contentions | January 11, 2013 |
| Response to Invalidity Contentions | February 8, 2013 |
| Exchange List of Terms to Be Construed | March 8, 2013 |
| Exchange Preliminary Claim Constructions | March 29, 2013 |
| Exchange Evidence Opposing Claim Constructions | April 12, 2013 |
| Joint Claim Construction Statement | May 3, 2013 |
| Claim Construction Discovery Complete | May 24, 2013 |

Discovery on all other factual issues in the case may proceed in parallel with the above calendar, pursuant to the Federal Rules of Civil Procedure.

No later than June 14, 2013, the parties will submit a joint stipulation setting forth a schedule and procedure for the *Markman* briefing and hearing, as well as any stipulations reached with regard to the *Markman* procedures. If the parties cannot agree, they shall submit a joint document setting forth those issues upon which they agree, and each side's position any disputed issues.

Following entry of the Court's *Markman* decision, the parties will promptly confer and submit a joint statement to the Court proposing a schedule for the remaining deadlines in the case (*e.g.*, close of fact discovery, expert report deadlines, summary judgment deadline, etc.).

**c. Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced**.

The parties agree to produce their documents and electronically stored information in Tiff load file format, with corresponding text files. Alternatively, the parties may produce electronically stored information as it is kept in the ordinary course of business,

3

*i.e.*, native computer files.  The parties agree to confer in good faith if the foregoing procedure is particularly burdensome of if another production method is more practical for any such production.  The parties agree to confer in good faith to limit production of emails only to those that might have particular relevance to this case.  In the event the parties cannot agree on the foregoing, they will approach the Court to resolve any disputes that arise concerning the production of documents and electronically stored information.

   **d. Any issues about claims of privilege or of protection as trial-preparation materials, including-if the parties agree on a procedure to assert these claims after production-whether to ask the Court to include their agreement in an order.**

The parties will exchange a privilege log identifying all documents and other information withheld on the basis of the attorney-client privilege or the attorney work product doctrine by December 7, 2012.  The parties agree to confer in good-faith regarding any alleged inadvertent production of materials protected by the attorney-client privilege or the work product doctrine.  The receiving party shall not use such materials until the parties agree as to their privileged status, or the Court resolves the parties' dispute.

   **e. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

At this time, the parties believe that the discovery limitations set forth in the Federal Rules of Civil Procedure and the March 16, 2012 Letter Order Pursuant to Rule 16 (Dkt. #11) are appropriate.  In the event a party believes additional discovery is necessary, it will request concurrence from opposing counsel (which shall not be unreasonably withheld), and submit a motion for leave with the Court making the request.

   **f. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

**4**

The parties agree to confer in good faith and present the Court with a joint request for protective order governing the production and use of confidential information during the pre-trial stages of this litigation.

Respectfully submitted,

By: *(signature)*

<u>Dated</u>: Monday, September 10, 2012

**RICHARD A. CATALINA, JR. (RC 4462)**
SZAFERMAN LAKIND BLUMSTEIN & BLADER P.C.
101 Grovers Mill Road
Suite 200
Lawrenceville, New Jersey 08648
Telephone: 609.275.0400
Email: **rcatalina@szaferman.com**

*ATTORNEYS FOR PLAINTIFF
   MARLOWE PATENT HOLDINGS LLC*

By: /s/ Kevin J. O'Connor, Esq.

<u>Dated</u>: September 17, 2012

**KEVIN J. O'CONNOR, ESQ.**
**JOHN OLSON, ESQ.**
LUM, DRASCO & POSITAN LLC
103 Eisenhower Parkway
Roseland, NJ 07068-1049
Telephone: (973) 403-9000
Facsimile: (973) 403-9021
Email: **koconnor@lumlaw.com**

*ATTORNEYS FOR DEFENDANT
   FORD MOTOR COMPANY*

**ADMITTED PRO HAC VICE:**

John M. Halan, Esq.
John S. Leroy, Esq.
Amy C. Leshan, Esq.
Thomas A. Lewry, Esq.

Brooks Kushman
1000 Town Center, 22nd Floor
Southfield, Michigan 48075
Telephone: (248) 358-4400
Facsimile: (248) 358-3351
Email: **Marlowe@BrooksKushman.com**